UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Laura Devlin, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 24 C 5962 |
| v. | Honorable Jorge L. Alonso |
| Equitable Financial Life Insurance Company, | |
| Defendant. | |

## Memorandum Opinion and Order

As explained below, the Court grants Defendant Equitable Financial Life Insurance Company's motion to transfer [11] and transfers this case to the Southern District of New York, forthwith.

## Background

Laura Devlin, an Illinois resident and schoolteacher, brings this putative class action against Equitable, a New York company headquartered in New York City, for allegedly violating federal securities laws by charging certain fees for its "EQUI-VEST" variable annuity without proper disclosures. Devlin alleges that Equitable's account statements for the EQUI-VEST annuity—which is available in some retirement plans for public-school employees—were misleading and did not notify investors of the actual fees that would be charged to their accounts. Devlin seeks to bring her claim on behalf of a nationwide class of all investors in EQUI-VEST between July 15, 2019 and July 18, 2022, with minor exceptions.

Equitable has moved to transfer this case from this District to the Southern District of New York, where it is headquartered. For the reasons below, the Court grants Equitable's motion.

1

**Legal Standard**

A district court may transfer a civil action to any district or division where the case may have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Transfer under § 1404(a) therefore is proper if "(1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice." *Navarrette v. JQS Prop. Maint.*, No. 07 C 6164, 2008 WL 299084, at *1 (N.D. Ill. Jan. 29, 2008). The district court has broad discretion in interpreting and weighing these factors. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986); *Navarrette*, 2008 WL 299084, at *1. However, "[w]here the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Moreover, "the district court has the authority to make whatever factual findings are necessary to determine where venue properly lies." *Gulf Coast Bank & Tr. Co. v. Home State Bank, N.A.*, No. 11-CV-2617, 2011 WL 5374098, at *2 (N.D. Ill. Nov. 4, 2011) (quoting *In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008) (cleaned up)). The moving party has the burden of establishing "that the transferee forum is clearly more convenient" based on the circumstances of the case. *Coffey*, 796 F.2d at 219–20.

**Discussion**

The parties do not dispute that venue is proper in both this District and the Southern District of New York. The Court therefore addresses party and witness convenience and the interest of justice below.

I.  **Convenience for the parties and witnesses**

Courts weigh the following factors when evaluating party and witness convenience: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *See Williams v. State Farm Mut. Auto. Ins. Co.*, 678 F. Supp. 3d 980, 1002–03 (N.D. Ill. 2023).

a.  **Plaintiff's chosen forum**

A plaintiff's choice of forum usually receives substantial deference, but "courts often give less deference to a putative nationwide class representative's choice of forum." *Id.* (collecting cases); *see Kahn v. Target Corp.*, No. 22 C 4178, 2023 WL 2306940, at *2 (N.D. Ill. Mar. 1, 2023) ("[C]ourts greatly discount the weight given to a plaintiff's choice of forum in putative class actions, particularly when a nationwide class is alleged, as it is here."). The weight given to a plaintiff's choice of forum is further lessened where the chosen forum "has a relatively weak connection with the operative facts giving rise to the claim." *Navarrette*, 2008 WL 299084, at *2; *see also Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001) (discounting plaintiff's choice of forum where, among other things, the allegedly misleading statements "were generated at the [defendant's] headquarters in Texas" and "[a]lthough some of the stock was purchased in Illinois, the purchase of the stock is not at issue here"). Because Devlin seeks to represent a nationwide class, and because this case centers on statements that were created in and issued from New York, not Illinois, her choice of this District receives little weight against transfer. *See Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 914 (N.D. Ill. 2009) (giving plaintiffs' choice of forum less deference because its weight "is greatly discounted in class actions" and defendant's actions largely took place at its headquarters in another district).

### b. Situs of material events

The material events in this case relate to Equitable's creation and dissemination of allegedly misleading statements regarding fees associated with its EQUI-VEST annuity. Equitable's personnel and operations related to that annuity, including those responsible for its fee structure and the creation and dissemination of account statements, are based almost exclusively in New York—either at Equitable's New York City headquarters or in Syracuse (which is in the Northern District of New York)—and none are in Illinois.

Devlin claims that this District has ties to her case because it is where she opened and contributed to her retirement account, purchased the EQUI-VEST annuity, and received the allegedly misleading account statements. However, those events are not particularly germane to Devlin's claim, which focuses on Equitable's conduct in approving and disseminating allegedly misleading statements in New York. Also, given that Devlin seeks to represent a nationwide class whose members did the same things she did—open and contribute to retirement accounts, purchase the EQUI-VEST annuity, and receive statements—in other states, Illinois is not a notable situs for even those events on a class-wide basis. Given that most of the relevant events took place either within the Southern District of New York or elsewhere in New York State, this factor weighs in favor of transfer.

### c. Relative ease of access to sources of proof

This factor carries little weight here. Though many relevant documents might be in New York given Equitable's operations there, and others might be in Illinois or other states, such documents can easily be transferred elsewhere. *See Williams*, 678 F. Supp. 3d at 1004 ("[T]his factor is a wash."). The Court therefore considers this factor neutral.

4

### d. Witness convenience

Equitable identifies several pertinent employees who live and work in New York—however, "the convenience of employee witnesses is given little weight because it is presumed that they will appear voluntarily." *Kahn*, 2023 WL 2306940, at *3. Instead, "[t]he convenience of non-party witnesses should be given more consideration." *Jaramillo*, 664 F. Supp. 2d at 915. On that issue, neither party offers much. Devlin speculates that officials at her school district and her financial advisor are in this District might be called to testify. However, the value of those witnesses to this case is speculative and further diminished given that Devlin seeks to represent a nationwide class, which would make the identified third parties and their testimony related to her particular retirement plan minimally relevant.

Equitable, for its part, does not point to any specific non-party witnesses who might testify in this case. But it does argue that to the extent any of its former employees have relevant knowledge regarding EQUI-VEST, they likely reside in New York and therefore could be subpoenaed by the Southern District of New York. Though this too is speculative—Equitable does not identify any former employees who might be witnesses—the Court does consider that any of Equitable's former employees who do become witnesses are more likely to be subject to a subpoena from the Southern District of New York than one from this District. Combined with the high likelihood that Equitable employees will be central witnesses in this case and with little exception live and work in New York, the Court finds that this factor weighs in favor of transfer but is far from dispositive. *See Plotkin*, 168 F. Supp. 2d at 904 (finding "the significance of defendants' witnesses weighs in favor of a transfer," and plaintiffs' witnesses "will testify merely to the fact that plaintiffs purchased the Company's securities").

### e. Party convenience

This factor is neutral. The Southern District is more convenient for Defendant but less convenient for Devlin; the roles are reversed in this District. Though Illinois's relative convenience to Devlin is mitigated somewhat by the fact that she seeks to represent a nationwide class, Equitable can no doubt bear the costs of litigating in either forum. Ultimately, the relative convenience to each party of litigating in their home forum does not meaningfully tip the balance either for or against transfer. *See Kahn*, 2023 WL 2306940, at *3 (finding this factor neutral).

In sum, all but one of the convenience factors are either neutral or weigh in favor of transfer—and Devlin's choice of forum receives only minimal weight against transfer. The Court therefore concludes that the convenience for the parties and the witnesses favors transfer.

## II.   Interest of justice

To assess the interest of justice, courts consider (1) relative docket congestion and speed to trial or disposition; (2) each venue's relative familiarity with the relevant law; (3) the relative desirability of resolving controversies in each locale; and (4) the relationship of each community to the controversy. *Research Automation*, 626 F.3d at 978. The parties agree that both this Court and the Southern District of New York are sufficiently familiar with the relevant law, so the Court turns to the other factors to weigh the interest of justice.

### a. Docket congestion and speed to trial

This factor is neutral. According to undisputed caseload statistics, this District and the Southern District of New York have an almost identical median time from filing to disposition and the Southern District of New York has an eleven-month faster time from filing to trial. Equitable acknowledges that this factor has marginal weight or is neutral based on these statistics, and the Court finds it does not meaningfully tip the balance either way. *See Kim v.*

6

*Jump Trading, LLC*, No. 23 CV 2921, 2024 WL 2863331, at *6 (N.D. Ill. June 6, 2024) (stating that time-to-disposition is more relevant than time-to-trial because "complex class actions rarely make it to trial"); *O'Connor v. RealPage Inc.*, No. 21 C 6846, 2022 WL 1487374, at *4 (N.D. Ill. May 11, 2022) (finding this factor neutral).

### b. Desirability of resolving the case and the relationship of each venue to the case

These factors favor transfer. Though Devlin lives, purchased the EQUI-VEST annuity, and suffered harm in Illinois, she seeks to represent a nationwide class that would include members who live, purchased the same annuity, and suffered similar harm in many other states—and according to Equitable, New York contains the largest share of those class members. By contrast, Equitable is a New York company and its relevant operations at the core of this case were conducted almost exclusively in New York. Therefore, New York has a greater relationship to and interest in resolving this case. *See Kahn*, 2023 WL 2306940, at *4; *Plotkin*, 168 F. Supp. 2d at 905 (weighing this factor in favor of transfer to Texas where "Texas is the situs of material events," "Defendant's principal place of business, headquarters, and majority of employees are located in Texas," and "the source of alleged false information came from Texas," even though "plaintiffs purchased stocks and read the allegedly false press releases in Illinois").

On balance, therefore, the interest of justice therefore favors transfer. The convenience factors likewise favor transfer, and the Court finds Equitable has shown that the Southern District of New York is clearly more convenient than this District and that this case should be transferred, based most notably on the situs of material events, witness convenience, the interest of justice, and the limited impact of Devlin's choice of forum.

## Conclusion

The Court grants Defendant Equitable's motion to transfer [11]. The Court terminates Devlin's motion for appointment as lead plaintiff [17] without prejudice as moot and denies Devlin's request for a status conference [26] as moot. This case is transferred to the Southern District of New York forthwith. Civil case terminated.

**SO ORDERED.**                                              **ENTERED: April 9, 2025**

_____
**HON. JORGE ALONSO**
**United States District Judge**