**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____               │
│ DATE FILED:  9/4/2025                │
└─────────────────────────────────────┘
```

---

LAURA DEVLIN, Individually and on
Behalf of All Other Similarly Situated,

                              Plaintiff,

          - against -

EQUITABLE FINANCIAL LIFE INSURANCE
COMPANY,

                              Defendant.

---

**25 Civ. 3283 (VM)**

<u>ORDER</u>

**VICTOR MARRERO, United States District Judge.**

Pending before the Court is the letter motion of lead plaintiff Laura Devlin ("Devlin") to partially lift the automatic discovery stay imposed by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(b). (<u>See</u> "Mot.," Dkt. No. 39.) Specifically, Devlin seeks to obtain the investigative materials that defendant Equitable Financial Life Insurance Company ("Equitable") produced to the United States Securities and Exchange Commission ("SEC") during the SEC's fraud investigation of Equitable. (<u>See</u> <u>id.</u> at 1.) Equitable opposes Devlin's discovery request, arguing that Devlin will not be unduly prejudiced if discovery is stayed until the resolution of Equitable's forthcoming motion to dismiss. (<u>See</u> "Opp'n," Dkt. No. 40.) The parties agreed to deem the pre-motion letters as a fully briefed motion and granted consent for the Court to rule on the basis of those

1

letters. (See Dkt. No. 54.) For the reasons discussed further below, Devlin has failed to show that she will be unduly prejudiced by the continued discovery stay. Accordingly, Devlin's motion to partially lift the PSLRA discovery stay is **DENIED**.

The PSLRA provides that discovery "shall be stayed during the pendency of any motion to dismiss, unless . . . particularized discovery is necessary to preserve evidence or to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B). Thus, "[t]he PSLRA creates 'a strong presumption that no discovery should take place until a court has affirmatively decided that a complaint does state a claim under the securities laws, by denying a motion to dismiss.'" Jiang v. Chirico, No. 23 Civ. 1258, 2024 WL 3104817, at *4 (S.D.N.Y. June 24, 2024) (quoting Podany v. Robertson Stephens, Inc., 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004)).

Devlin argues that a partial lift of the PSLRA discovery stay is warranted because (1) Devlin's discovery request is sufficiently particularized, as it is limited to the documents that Equitable produced to the SEC in connection with the SEC's fraud investigation, and (2) without access to the requested documents, Devlin will be unduly prejudiced by her inability to make informed decisions about her litigation strategy. (See Mot. at 2-3.) Equitable does not dispute that

2

Devlin's request is sufficiently particularized but argues that Devlin has failed to show undue prejudice. (See Opp'n at 2-3.)

Undue prejudice is defined as "improper or unfair treatment amounting to something less than irreparable harm." Mori v. Saito, 802 F. Supp. 2d 520, 523 (S.D.N.Y. 2011). Accordingly, courts have partially lifted the PSLRA discovery stay "when defendants would be unfairly shielded from liability through pursuit of their pending action" or in certain narrow circumstances "when plaintiffs would be placed at an unfair advantage to make informed decisions about litigation and settlement strategy without access to documents that form the core of the proceeding." In re Vivendi Universal, S.A. Sec. Litig., 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003); see In re WorldCom, Inc. Sec. Litig., 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002) (partially lifting discovery stay because the requested documents had already been produced to several government entities, creditors, and plaintiffs in related actions, leaving the PSLRA-plaintiffs as the only interested party without access to the documents ahead of the global settlement discussions for the defendant's limited funds following its bankruptcy). However, undue prejudice does not arise from a mere delay "in the gathering of evidence or the development of settlement or

litigation postures," as the delay "is an inherent part of every stay of discovery required by the PSRLA." In re Smith Barney Transfer Agent Litig., No. 05 Civ. 7583, 2006 WL 1738078, at *2 (S.D.N.Y. June 26, 2006).

Devlin has not identified any extenuating circumstances that justify lifting the discovery stay under the PSLRA. See In re Lottery.com, Inc. Sec. Litig., No. 22 Civ. 7111, 2024 WL 5226400, at *3 (S.D.N.Y. Dec. 26, 2024). Although courts have partially lifted the discovery stay where the discovery was particularly time-sensitive due to competing litigation, impending settlements involving non-parties, or a defendant's imminent insolvency, see id. (listing cases), such urgency is not present here. Rather, Equitable entered into a voluntary settlement with the SEC on July 18, 2022, (see Opp'n at 2), nearly two years before Devlin brought this putative class action. (See Dkt. No. 1.) Devlin has not identified any competing litigation that may jeopardize her ability to obtain any relief, see Fisher v. Kanas, No. 06 Civ. 1187, 2006 WL 2239038, at *3 (E.D.N.Y. Aug. 4, 2006), nor is there any indication that Equitable is suffering financial woes that may limit Devlin's recovery. See In re WorldCom, 234 F. Supp. 2d at 305. (See Opp'n at 3 (citing evidence that Equitable is rated as financially strong).)

Accordingly, Devlin's letter motion (Dkt. No. 39) to partially lift the PSLRA discovery stay is **DENIED.**

**SO ORDERED.**

Dated:    4 September 2025
          New York, New York

_____
                      Victor Marrero
                      U.S.D.J.